**MAGEO of Pago Pago and POGAI and FAAFIA of Pago Pago, Appellants**

**v.**

**GOVERNMENT OF AMERICAN SAMOA, Appellee**

No. 15-1963

High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Land: "Fusi" in Pago Pago]

May 1, 1963

Lolo, counsel for Appellant Mageo.

Tuaolo, counsel for Appellant Pogai and Faafia.

Owen S. Aspinall, counsel for Appellee, Government of American Samoa, Intervenor below.

ROEL, *Associate Justice.*

This is an appeal from the Decree rendered by the Trial Division of the High Court of American Samoa in the case of *Lago, Fuga Selega and Pogai and Faafia, Objectors v. Mageo, Applicant, and Government of American Samoa, Intervenor.* The case was originally heard at Fagatogo, American Samoa on October 10, 11, and 12, 1962. The decision of the Trial Court was rendered and the Decree entered on November 19, 1962. The Trial Court held that neither the Applicant, Mageo, nor the objectors, nor any of them, were the owners of that part of Fusi seaward of the main East-West highway in the Village of Pago Pago. The Decree further held that Fusi, excluding the filled-in part thereof, was the property of the Government of American Samoa, and that the filled-in part of

876

Fusi was the property of the United States. The Decree denied Mageo's application to register the land Fusi (as shown in the survey accompanying the application to register) as the communal land of the Mageo Family. From this decision, the Applicant below, and Pogai and Faafia, Objectors below, appealed.

The hearing on appeal was originally set for February 27, 1963. At that time Appellants moved the Court for a continuance to allow them time to obtain new evidence in the form of "charts, maps, photographs, and correspondence." The Court granted Appellants' motion and continued the hearing on appeal to May 1, 1963. It is well to state here that at the hearing no such new evidence was presented by any of the appellants.

█ The record will reflect that this Court went to great detail at the beginning of the hearing to familiarize all the parties with the Rules of Procedure to be followed at the hearing and with regard to the fact that the Appellate Division was bound by the findings of fact of the Trial Court, unless the Appellate Court was of the opinion that such findings of fact were *clearly erroneous* (emphasis ours).

"POWERS ON APPEAL OR REVIEW: The Appellate Division of the High Court on appeal . . . shall have power to affirm, modify, set aside, or reverse the judgment or order appealed from . . . and to remand the case with such directions for a new trial or for the entry of judgment as may be just. The findings of fact of the Trial . . . Division of the High Court in cases tried by them shall not be set aside by the Appellate Division of that court unless clearly erroneous. . . ."

The Court also reviewed Rules 1, 2, 3, and 7 of the Rules of Procedure as enacted on January 19, 1953, and as amended on June 8, 1962.

█ Counsel for both Mageo and Pogai and Faafia went beyond the scope of the grounds set out in their Notice of

Appeal and outside of the record in presenting their arguments. The Court allowed these excursions over the objection of the Appellee, Intervenor below, in the interest of justice and considering the lack of formal legal training of counsel for Appellants.

Lolo, counsel for Mageo, argued 5 points why the decision of the Trial Court should be reversed. Point No. 1 was that there was no proof by the Government of American Samoa in the lower court to show ownership of Fusi in the Government of American Samoa; that Ordinance No. 15 did not include the property on the seaward side of the present road. Point No. 2 was that the Decree of the Trial Court was not justified. To reinforce this contention, counsel for Mageo referred the Court to the case of *Dan Foster v. Olotoa*, No. 15-1953, Trial Division, High Court of American Samoa. Mageo's counsel based his Point No. 3 on the fact that Pogai had testified in the trial below that the foot path ran next to the water, and that Ordinance No. 15 referred to the foot path and not to the present main road. Point No. 4 was based on the premise that the Trial Court's decision caused fear and worry among the Samoan people; that Governor (Commandant) Tilley did not intend to condemn the property of his friend Mauga on the seaward side, and that the Government of American Samoa "slept on its rights." Mageo's Point No. 5 was that the Decree of the Trial Court was against the promises by the United States and Secretary of the Interior to protect the interests and customs of the Samoan people. The points argued did not follow the grounds as set out in writing in Mageo's notice of appeal.

■ Let us now consider Appellant Mageo's arguments one by one. In connection with Point No. 1, Appellant Mageo failed to show this Court wherein the Trial Court's findings were clearly erroneous, or where the evidence did not support the findings of the Trial Court. Ordinance No.

15 and Regulation No. 16 were introduced into evidence by the Intervenor, Government of American Samoa, in the trial below. Paragraph 1 of Ordinance No. 15 of September 3, 1900, reads as follows: "1. A Public Highway or road is hereby declared and proclaimed from 'Blunt's Point' on the Southern side of Pago Pago Harbor extending therefrom towards Observatory Point and around the Harbor to 'Breaker Point' on the Northern side of said Harbor, along the shore at High water mark, *of a uniform width of fifteen feet distant inland from said shore,* and the area of land included in said description is hereby condemned and appropriated for public uses." (Emphasis ours.)

Ordinance No. 15 and Regulation No. 16 were later interpreted and adopted by the Legislative Branch of the Government of American Samoa as Section 1291 of the Code of American Samoa, 1949. Paragraph 1 of Section 1291 reads as follows: "1. Whereas by Regulations No. 15 and No. 16, 1900, enacted September 3, 1900, by B. F. Tilley, Commander, U.S.N., Commandant, and amended by W. Evans, Captain, U.S.N., on May 10, 1921, a public highway or road was declared and proclaimed from Blunt's Point on the southern side of Pago Pago Harbor, extending therefrom toward Observatory Point and around the harbor to Breaker's Point on the northern side of said harbor, along the shore at highwater mark, *of a uniform width of 15 feet distant inland from said shore,* and the area of land included in said description was thereby condemned and appropriated for public uses. Now, therefore, the said public highway or road so declared and proclaimed is hereby recognized as a public highway and the rights of the Government and the public thereto is hereby asserted." (Emphasis ours.)

From reading Ordinance No. 15 and Section 1291 of the Code of American Samoa, this Court is definitely con-

vinced that the interpretation given to Ordinance No. 15 by the Trial Court was the proper and correct one. In both Ordinance No. 15 and Sec. 1291 of the Code of American Samoa, the wording "of a uniform width of 15 feet" refers to the width the road was to be. Immediately following the above quoted words, both in Ordinance No. 15 and Section 1291 are the words, "distant inland from said shore." The interpretation sought to be read by Appellants to Ordinance No. 15 is necessarily erroneous from the wording of Ordinance No. 13 and as adopted and interpreted by the Legislative Branch of the Government of American Samoa under Section 1291 of the Code of American Samoa as late as 1949. We therefore concur explicitly with the Trial Court's interpretation of Ordinance No. 15.

 We now pass to Point No. 2 offered for Appellant Mageo, that the Decree of the Trial Court was not justified. Appellant's main contention was the holding of the Court in the case of *Foster v. Olotoa*, No. 15-1953, High Court of American Samoa, Trial Division. He cited this case to show that the Court had declared Foster owner of a parcel of land on the seaward side of the public highway. The important thing to remember is that in the cited case the Government of American Samoa was not a party to the action. The litigation was strictly between Foster and Olotoa. The Court held that as between the two parties before the Court, Foster was the owner of the land in question. The decision of the Trial Court in that case is not at all inconsistent or incompatible with the court's decision in the instant case. The person in possession is the owner of the land as against anybody except the legal owner. In order to recover his land the legal owner must exercise his right of action as against the wrongful possessor. As between Foster and Olotoa, Foster was the owner of the land in question. The Court in that case did not decide the ownership as between Foster and the

Government of American Samoa because it was not necessary to decide that question; that issue was not before the Court for consideration.

█ Appellant Mageo's Point No. 3 was based on the allegation that Pogai had testified in the lower court that when the Government came in, the foot path ran right next to the water, and that Ordinance No. 15 referred to such foot path as the highway and not to the Pago Pago Village road. This poses a question of fact and we think that the Trial Court, who is the judge of the facts, was in a better position to ascertain or to make a decision as to the circumstances at the time Ordinance No. 15 was promulgated than this court is. The Trial Court, together and in the presence of all the parties to the action below, personally viewed the land in question and the surrounding premises. The Trial Court also heard testimony from witnesses as to the location of the main road when the American flag was first flown over Samoa, and heard the testimony of all the witnesses presented by all the parties to this action. We concur with the view of the Trial Court that the highway referred to in Ordinance No. 15 was the Pago Pago Village road and not the foot path at the edge of the water. Pogai, to whose testimony counsel for Mageo referred, at one point testified as follows in the Trial Court in answer to questions from her counsel, Tuaolo: "Question: Pogai, try to think and bring up the approximate date that the road or the foot path has shifted from the high water mark to where the present road is now of Pago Pago Village? Answer: The year the Government was first arrived." (Page 53 of Transcript of record of Trial Court.)

█ The only part of Appellant's Point No. 4 which merits consideration is that "the Government slept on its rights." If by this Appellant means that the Government of American Samoa was guilty of laches or that the statute of

limitations ran against the Government of American Samoa with the result that Appellant is entitled to Fusi by adverse possession, we must disallow this interpretation. Neither laches nor the statute of limitations ran against the Government of American Samoa. "Laches on the part of its officers cannot be imputed to the government and no period of delay on the part of the sovereign power will serve to bar its rights either in a court of law or equity when it sees fit to enforce it for the public benefit." (9 Wheat. 720.) In connection with the statute of limitations, it is the basic law that the statute of limitation does not run against the sovereign, and in the present case it does not run against the Government of American Samoa with respect to land.

> "Unless it is expressly or by necessary implication provided otherwise by constitution or statute, statutes of limitation do not run against the sovereign or the government, either against a state or, according to the decisions, against the United States, and do not operate to bar suits involving public or governmental rights, rights which are brought by, or on behalf of, the state or government in its sovereign capacity.
>
> This rule is based on considerations of public policy and accords with the maxim, Nullum tempus occurrit regi." 53 C.J.S. 940.

We hold that the Government of American Samoa comes within this rule.

■ Point 5 of Appellant's argument merits no consideration, except to say that the decision of the Trial Court in awarding Fusi to the Government of American Samoa does not appear to be against the interest of the Samoan people, since it is all the people of American Samoa that make up the Government of American Samoa, and any property held by the Government of American Samoa is necessarily held for the use and benefit of all the people of American Samoa.

In his final argument counsel for Appellant Mageo asked for a new trial. We find nothing in the record or during the hearing on appeal to warrant a new trial, and Appellant's request is hereby denied.

In résumé, let us say that none of the points argued by Appellant Mageo suggested to us, much less convinced us, that the findings of the Trial Court should be disturbed.

Appellants Pogai and Faafia based their appeal on 3 points and also asked for a new trial. In his argument Tuaolo, counsel for this Appellant, went outside the record and did not follow the grounds which were set out in this Appellant's written notice of appeal. This Appellant failed to produce any of the evidence on which he claimed to base the appeal in the first place and for which purpose this Court had previously granted a continuance of 60 days. Point No. 1 as set out for Pogai and Faafia by counsel was based on the allegation that the decision of the Trial Court was based on the interpretation of the word "along" in Ordinance No. 15, and that the Trial Court erred in the interpretation of the word "along" in placing the location of the public highway. Counsel for this Appellant contended that "along" meant a distance of 15 feet from the high water mark. He talked about a Navy map setting out the place where the highway was meant to be and showing riparian, accretion and reclamation data, but produced no evidence of any such map or any other proof to convince the Court that the findings of fact of the Trial Court were clearly erroneous, or that the findings were contrary to the evidence or against the weight of the evidence in this connection. We reiterate here our view earlier expressed in this opinion as to the interpretation of Ordinance No. 15, and repeat that we find that the interpretation given to Ordinance No. 15 by the Trial Court was the proper and correct one. We could elaborate on the illogical, unreasonable and even absurd consequences which would result if

the interpretation sought by this Appellant were applied to Ordinance No. 15, but we will dispense with this unnecessary verbosity.

In Point No. 2 counsel for Appellants Pogai and Faafia based his argument on "riparian rights." There was no mention of riparian rights as grounds for appeal in Appellant's notice of appeal. Counsel argued that the flood of 1912 (which was never mentioned in the trial below) deposited enough debris on the Bay to add 15 feet to Fusi, the land in question, and asserted that the land formed by accretion did not belong to the Government. We find nothing in this argument to merit or deserve our comment or to lead us to believe that the findings of the Trial Court were clearly erroneous or contrary to the evidence or against the weight of the evidence.

Counsel stated that he had no argument to offer in connection with the allegations in Point No. 3 in the notice of appeal. This was an assertion by Appellant that, "we will produce correspondence and other documentary evidence from sources in Washington, Honolulu and Apia that will prove the intent of the condemnation set forth in Ordinance No. 12. . . ." No effort was made to present or introduce any such evidence at the hearing on appeal.

Counsel for Pogai and Faafia asked for a new trial based on the following grounds: 1. That the presiding judge of the Trial Court testified regarding claims considered by the War Damage Claims Commission at the trial below; 2. That the Trial Court had rendered the wrong interpretation to Ordinance No. 15; 3. That there was no proof of any condemnation proceedings; and 4. "New Evidence." We will consider these points in the order presented.

The fact that the Trial Court presiding judge was called on as a witness and testified in connection with

claims considered by the War Damage Claims Commission, of which he was a member, regarding claims filed by people of American Samoa is not an error which would entitle Appellant to a new trial. The trial judge testified as to his official, ministerial duties more than sixteen (16) years ago. He testified only as to matters which are of record in the files of the War Damage Claims Commission, and in no way did his testimony prejudice Appellant's case. There was no objection to his testifying by either of the Appellants. Counsel for both of the Appellants cross-examined the trial judge while on the witness stand after direct examination by the Intervenor, who had called the judge as a witness in the first place to identify a document of the War Damage Claims Commission. We find no reversible error whatsoever on this point to entitle Appellants to a new trial and we so hold. (58 Am. Jur., Witnesses, Sec. 149, pages 108, 109.)

Appellant's request for a new trial on the grounds that the Trial Court rendered the wrong interpretation to Ordinance No. 15 is also hereby denied. We have already covered this point fully elsewhere in this decision. Not only are we unable to find error, but we fully concur with the Trial Court's interpretation of Ordinance No. 15.

Appellant's third point for a new trial is based on the ground that there was no proof by the Intervenor of any condemnation of the land in question by the Government of American Samoa. We reject this contention by quoting the last clause of Paragraph 1 in Ordinance No. 15 which reads as follows: "and the area of land included in said description *is hereby* condemned and appropriated." (Emphasis ours.) Paragraph 4 of said Ordinance No. 15 set out the method for filing for compensation. We held that the land covered by the Ordinance was condemned and appropriated with publication of Ordinance No. 15, said date being September 3, 1900.

■ Appellant's fourth point for a new trial is based on the grounds of "new evidence." Appellants failed to produce or introduce any new evidence at the appeal hearing even though they had over five (5) months since the filing of their notice of appeal. The Appellate Court granted them a 60 day continuance last February 27, 1963 for the explicit purpose of gathering evidence, and no evidence was produced at the hearing on appeal. No good purpose would be served by any further delay. Appellant's motion for a new trial on this ground is also hereby denied.

■ Counsel for Intervenor, Mr. Owen S. Aspinall, argued that neither of the Appellants nor their counsel had shown that the Trial Court made any error at the trial level. He stated Appellants' case consisted only of argumentative remarks; that there was no evidence of failure of the Trial Court to consider the evidence or of making findings contrary to the evidence, and that there were no bases for reversing or setting aside the decision of the Trial Court or for granting a new trial.

In answer to Appellants' counsel's remarks questioning the motives of the Government of American Samoa, the Intervenor stated that his only interest and obligation was that the rights and interests of all the people of American Samoa were protected.

In commenting on Appellants' citing of the *Foster v. Olotoa* case, counsel for Intervenor stated that the Government of American Samoa had not been a party to that suit; that the main point of that case was that the person in possession has a prior claim against everybody except the true owner. Intervenor cited the case of *Pato Honey Bell Luce and Rev. Maurice Luce v. Pila Patu and Government of American Samoa, Intervenor*, No. 6-1954, High Court of American Samoa (Trial Division). In that case the Government of American Samoa appeared as Inter-

venor claiming ownership of the land between the public highway and high water mark under Ordinance No. 15 of September 3, 1900, and sought to enjoin respondent, Pila Patu, from erecting a building under Regulation No. 16 of the same date. While the Court did not decide as to the ownership of the land, it enjoined respondent from erecting the said building, and the Court in its opinion said in part: "It is our opinion that this limitation upon the use of the land between the public highway and the high water mark in the harbor of Pago Pago is valid. Regulation No. 16 was enacted at the same time and in connection with Regulation No. 15 which provided for condemnation of land for a public highway around Pago Pago Bay. Such limitation as to the use of the land between the highway and the Bay was paid for by the Government when the land which now comprises the highway was condemned."

In answering Appellants' argument regarding the giving of testimony by the presiding judge in the Trial Court, Intervenor cited 97 C.J.S. 514 and 58 Am.Jur., page 108.

Intervenor further argued that all the judges of the Trial Court, together with all the parties to the litigation visited the land in question and that the lower court was the better judge of the facts from personal inspection, and that the lower court had made no error as to the position of the Village road and its interpretation of Ordinance No. 15. He also said the Trial Court had fully considered the question of reclaimed land. Intervenor answered Appellants' argument that the "Government slept on its rights" by stating that the statute of limitations did not apply against the Government of American Samoa. Intervenor further alleged that there were no legal bases for a new trial as requested by Appellants. He argued that the decision of the Trial Court should be affirmed.

In conclusion, we will say that after considering the transcript of the trial below and after listening to the

arguments of both Appellants and the Intervenor, this Court finds that there was no clearly erroneous finding or findings of fact by the Trial Court. Neither of the Appellants convinced this Court that the evidence below did not support the finding or findings of fact of the Trial Court. This Court is of the unanimous opinion that the findings of the Trial Court are fully supported by the evidence, and finds no reason whatsoever for disturbing the Decree of the Trial Court. We have also considered Appellants' action for a new trial and find no basis for granting a new trial.

Therefore, It is Ordered and the Decree of the Trial Court be, and the same is hereby, Affirmed. The motion for a new trial is denied.

Court costs in the amount of $12.50 are hereby assessed against the Appellants, $6.25 to be paid by Appellant Mageo and $6.25 to be paid by Appellants Pogai and Faafia, the same to be paid within 30 days.

Decree affirmed.